UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY GRAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1449 CKD P<br><br>ORDER |

Plaintiff is California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c). On August 20, 2015, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff seeks release from custody and compensation for time plaintiff alleges he has served in prison after the expiration of his sentence. To the extent plaintiff seeks release from prison, his only avenue in this court would be to seek a writ of habeas corpus under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The court will order the Clerk of the Court to send plaintiff the court's form-application for writ of habeas corpus by state prisoners, but plaintiff is cautioned that he should not initiate a habeas action unless he has exhausted state court remedies with respect to his claims by presenting his claims to the California Supreme Court. See Picard v. Connor, 404 U.S. 270, 276 (1971). With respect to plaintiff's request for monetary compensation for false imprisonment, plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) because plaintiff has not shown that that his conviction or sentence has been declared unlawful by a tribunal authorized to make that determination.

1   For the foregoing reasons, plaintiff's amended complaint will be dismissed for failure to state a claim upon which relief can be granted. Leave to amend will not be granted a second time as that appears futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. This case is closed.

3. The court is directed to send plaintiff the court's form-application for writ of habeas corpus by California prisoners.

Dated: November 24, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gram1449.dis